UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


NOEL DEAN (#309740)                          CIVIL ACTION

VERSUS                                       BY CONSENT

LOUISIANA DEPARTMENT OF PUBLIC               NO. 08-0156-RET-CN
SAFETY AND CORRECTIONS, ET AL

CONSOLIDATED WITH

NOEL DEAN (#309740)                          CIVIL ACTION

VERSUS                                       BY CONSENT

ELAYN HUNT CORRECTIONAL CENTER, ET AL.       NO. 08-0192-RET-CN


R U L I N G

This matter comes before the Court on the defendants' motions for partial summary judgment, rec.doc.nos. 16 and 19.  These motions are opposed.

The pro se plaintiff, an inmate confined at Elayn Hunt Correctional Center ("EHCC"), St. Gabriel, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against the Louisiana Department of Public Safety and Corrections, EHCC, Secretary James LeBlanc, Warden Howard Prince and Officer Dedra Scott, complaining that his constitutional rights have been violated by the defendants' refusal to grant him a risk review hearing in accordance with La. R.S. 15:574.22.  This statute, which created the Louisiana Risk Review Panel and charges the Panel with evaluating the risk of danger presented by persons convicted of non-violent crimes if released

from confinement, allows the Panel to make non-binding recommendations for consideration for clemency or parole in appropriate circumstances. The plaintiff complains, however, that he has been denied a review by the Panel upon an alleged erroneous determination that the crime for which he is imprisoned is a "crime of violence".

In the defendants' motions for partial summary judgment, the defendants assert, relying upon the pleadings, a Statement of Undisputed Facts, excerpts from the plaintiff's administrative remedy proceedings, the affidavit of Rhonda Z. Weldon, a copy of the Administrative Remedy Procedure of the Louisiana Department of Public Safety and Corrections, and La. R.S. 15:574.22, that the plaintiff has failed to exhaust administrative remedies relative to his claims asserted against the defendants. In this regard, pursuant to 42 U.S.C. § 1997e, the plaintiff was required to exhaust administrative remedies available to him prior to the institution of suit in federal court relative to prison conditions. This provision is mandatory and allows for no exceptions. Further, pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. Supporting affidavits must set forth facts which would be admissible in evidence. Opposing responses must set forth specific facts showing that there

is a genuine issue for trial. Rule 56(e), Federal Rules of Civil Procedure.

From a review of the defendants' exhibits, it appears that the plaintiff filed two (2) administrative grievances relative to his claim, and each was rejected for the reason that, in accordance with the prison rulebook, Risk Review Panel determinations are not reviewable through the administrative process.  The defendants assert, therefore, that the plaintiff has never successfully exhausted administrative remedies relative to his claim and that the claim is therefore subject to dismissal.

In the Court's view, the defendants' motions are without merit. The federal statute which mandates exhaustion of administrative remedies specifically states that "[n]o action shall be brought ... until such administrative remedies <u>as are available</u> are exhausted". It is apparent from the explicit language of the statute, therefore, that an administrative remedy must be "available" in order for an inmate to be required to avail himself of it.  <u>See</u>, <u>e.g.</u>, <u>Westefer v. Snyder</u>, 422 F.3d 570 (7th Cir. 2005)(finding that inmate was not required to exhaust administrative remedies which were not available to him).  In the instant case, the defendants acknowledge that no administrative review is available to the plaintiff relative to the instant claim of denial of consideration by the Risk Review Panel. Therefore, the Court finds that his claim is not subject to dismissal for failure to exhaust administrative remedies inasmuch as such remedies were not available to him.

Accordingly,

**IT IS ORDERED** that the defendants' motions for partial summary judgment, rec.doc.nos. 16 and 19, be and they are hereby **DENIED**.

Signed in chambers in Baton Rouge, Louisiana, November 20, 2008.

_____

**MAGISTRATE JUDGE CHRISTINE NOLAND**